```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Trustees of the LOCAL 7 TILE INDUSTRY
WELFARE FUND, Trustees of the LOCAL 7 TILE
ANNUITY FUND, Trustees of the LOCAL UNION              REPORT AND
52 PENSION FUND, Trustees of  BRICKLAYERS              RECOMMENDATION
& TROWEL TRADES INTERNATIONAL PENSION
FUND, INTERNATIONAL PENSION FUND, and                  10 CV 1883 (KAM)(RML)
Trustees of the INTERNATIONAL MASONRY
INSTITUTE,

                           Plaintiffs,

        -against-

EXCEPTIONAL FLOORING, INC., EXCEPTIONAL
FLOORING CONTRACTOR, INC., and J&M
FLOORING SOLUTIONS, INC.,

                           Defendants.
-------------------------------------------------------------------X
```

LEVY, United States Magistrate Judge:

    By Memorandum and Order dated April 12, 2011, the Honorable Kiyo A. Matsumoto, United States District Judge, granted plaintiffs' motion for a default judgment and referred this matter to me for a Report and Recommendation on the relief to be awarded under 29 U.S.C. § 1132(g)(2), as well as to determine whether plaintiffs are entitled to an audit of defendants' books and records, and if so, to ascertain the appropriate scope of such an audit. For the reasons stated below, I respectfully recommend that plaintiffs be awarded $2,632.50 in attorney's fees and costs[1] and be permitted to conduct an audit of defendants' books and records for the period of October 2006 through the present.

---

[1] This amount includes $2,282.50 in attorney's fees and $350 for the filing fee. It does not include recovery for service fees, since plaintiff does not seek to recover those costs in this action.

## BACKGROUND AND FACTS

Plaintiffs commenced this action in April 2010 under the parties' Collective Bargaining Agreements and Memoranda of Agreement and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*. (See Complaint, dated Apr. 27, 2010.) The Welfare and Annuity Funds of the Local 7 Tile Industry, the Pension Fund of the Local Union No. 52, Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (collectively, the "Funds") are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). (Id. ¶¶ 4, 5.) Plaintiffs are Trustees of the Funds. (Id. ¶¶ 4, 5.)

Defendants Exceptional Flooring, Inc. ("EFI"), Exceptional Flooring Contractor, Inc. ("EFC"), and J&M Flooring Solutions ("J&M") (collectively, "defendants") are corporations that are organized and established under the laws of New Jersey. (Id. ¶¶ 6-8.) According to plaintiffs' submissions, during the period from October 1, 2006 through the present, EFI, EFC, and J&M acted as a single integrated enterprise and a single employer with substantially identical management, business purpose, operation, equipment, customers, supervision, and/or ownership.[2] (Id. ¶ 15.) At all relevant times, Michael Gutschmist was the president or other officer of EFI, EFC and J&M. (Id. ¶ 16.) All three entities operated out of the same premises at 23 Commerce Road, Unit C, Fairfield, New Jersey. (Id. ¶ 17.)

On May 15, 2000, EFI entered into a Collective Bargaining Agreement (the

---

[2] It is well settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1992); Time Warner Cable of New York City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998).

"CBA") with Local Union No. 7, which obligated defendants to pay fringe benefit contributions to the Funds for all work performed by the union's employees, and to report all employee hours to the Funds on a monthly basis.³ (Id. ¶¶ 10, 11.) The CBA also requires defendants to submit to an inspection and audit of their books and records at any reasonable time by the Trustees of the Funds and their representatives. (Affirmation of Judy Wong, Esq., dated Dec. 21, 2010 ("Wong Aff."), Ex. A at 19.) According to plaintiffs, during the period of October 1, 2006 through the present, defendants declined to make the required contributions, failed to submit monthly reports of employee hours to the Funds, and refused to allow representatives of the Funds to audit their books and records. (Id. ¶¶ 7, 8; see also Compl. ¶ 14.)

Defendants failed to answer the Complaint or otherwise appear in this action. Accordingly, by Memorandum and Order dated April 12, 2011, Judge Matsumoto granted plaintiffs' motion for a default judgment and referred this matter to me for a report and recommendation. Plaintiffs seek an order requiring defendants to submit to an audit of their books and records for the period of October 1, 2006 through the present. (Wong Aff. ¶ 20.) They also seek reasonable attorney's fees and costs, in the amount of $2,632.50, pursuant to the CBA and ERISA, 29 U.S.C. § 1132(g)(2)(D).

---

³ While EFI is the sole signatory to the relevant collective bargaining agreement, EFI, EFC, and J&M acted as a single enterprise and employer from October 1, 2006 through the present, and therefore, each member of the enterprise is bound to the obligations of this collective bargaining agreement signed by EFI. See, e.g., Lihli Fashions Corp. v. NLRB, 80 F.3d 743, 748 (2d Cir. 1996); Bourgal v. Robco Contracting Enters., Ltd., 969 F. Supp. 854, 861 (E.D.N.Y. 1997) aff'd, 182 F.3d 898 (2d Cir. 1999).

## DISCUSSION

A. <u>Audit</u>

Plaintiffs seek an order requiring defendants to submit to an audit of their books and records for the period of October 1, 2006 through the present, so that they may ascertain the amount, if any, of unpaid contributions that are due and owing to the Funds. Judge Matsumoto referred this matter to me to determine whether plaintiffs are entitled to audit EFI, EFC, and J&M's books and records. (<u>See</u> Memorandum and Order, dated Apr. 12, 2011.) I then issued an order giving the parties the opportunity to file supplemental submissions. (<u>See</u> Order, dated Apr. 14, 2011.) Plaintiffs' counsel declined to file any additional papers and defendants failed to respond.

Pursuant to the CBA, "books and records of the Employer shall be made available at all reasonable times for inspection, copying and audit by, but not limited to, the accountant, outside independent auditors and other representatives of the Trustees and Funds." (Wong Aff. ¶ Ex. A at 19.) Additionally, the CBA states that any "books and records of any affiliate, subsidiary, alter ego, joint venture or other related company of the Employer shall also be made available at all reasonable times for inspection and audit" to representatives of the Trustees and Funds. (<u>Id.</u>) Defendants therefore agreed to permit the Trustees to conduct audits of their books and records, as well as the books and records of any affiliate subsidiary or alter ego at any reasonable time. (<u>Id.</u>)

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes the court to award the Funds "legal or equitable relief as the court deems appropriate." Having reviewed plaintiffs' default submission, I find that the CBA was effective as of June 6, 2006 and that

plaintiffs are entitled to audit defendants' books and records, pursuant to Article IX Section 3(G) of the CBA. (Wong Aff., Ex. A at 19.) I therefore respectfully recommend that plaintiffs be permitted to conduct an audit of defendants' books and records for the period of October 1, 2006 through the present.

Once the audit is completed and the deficiency calculated, I recommend that plaintiffs be required to file for the court's review the auditor's report, accompanied by an affidavit describing those calculations in detail as well as a statement concerning the amount plaintiffs request in delinquent contributions, interest, liquidated damages, and auditor fees.[4]

### B. Attorney's Fees and Costs

As the prevailing parties, plaintiffs move pursuant to 29 U.S.C. § 1132(g)(2)(D) for $2,632.50 in attorney's fees and costs. Plaintiffs support their fee request with contemporaneous time records.[5] (See Wong Aff., Ex. C.)

"The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA lies within the sound discretion of the district judge." Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997) (internal quotes and citation omitted); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec.

---

[4] A court may award damages pursuant to 29 U.S.C. § 1132(g)(2); however, it may not do so when there is no reasonable basis on which to ascertain the amount owed. See Boyce v. Soundview Tech. Group, Inc., No. 03 Civ. 2159, 2004 WL 2334081, at *3 (S.D.N.Y. Oct. 14, 2004). In the instant case, because defendant has failed to comply with audit requests, the amount of money owed to the Funds, as well as the amount of interest owed, if any, is not ascertainable at this time.

[5] In the Second Circuit, applications for attorney's fees must be supported by contemporaneous time records specifying relevant dates, time spent, and work done. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711F.2d 1136, 1147-48 (2d Cir. 1983); Broadcast Music, Inc. v. R. Bar of Manhattan, Inc., 919 F. Supp. 656, 661 (S.D.N.Y. 1996).

Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). In calculating a "reasonable" fee award, the court must first establish a reasonable hourly rate, which is "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007). "A district court's choice of rates is well within its discretion." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 206 (E.D.N.Y. 2007) (internal quotations omitted); see also Meehan 1997 WL 1097751, at *5; Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F.3d 111, 115–16 (2d Cir. 1997); Cho, 524 F. Supp. 2d at 206. The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz, 34 F.3d at 1160 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, I find plaintiffs' counsel's hourly rates of $200 for an attorney and $90 for a legal assistant to be reasonable and in line with rates awarded in this district to counsel with comparable experience. See, e.g., Finkel v. Triple A Group, Inc., 708 F. Supp. 2d 277, 290 (E.D.N.Y. 2010) (approving hourly rates ranging from $200 to $225 per hour for attorneys and $75 per hour for paralegals in ERISA action); Sheehan v. Metropolitan Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (awarding $425 hourly rate for senior partner in ERISA case and approving hourly rates of $375 for junior partner, $300 for associates, and $150 for paralegals); T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174, No. 00 CV 7968, 2002 WL 31202711, at *4 (S.D.N.Y. Sept. 25, 2002) (plaintiffs' counsel's hourly rate of $250 held reasonable in ERISA case); Skold v. Am. Int'l Group, Inc., No. 96 CV 7137, 1999

WL 405539, at *7 (S.D.N.Y June 18, 1999) (awarding fees of $400 and $275 per hour), aff'd, 205 F.3d 1324 (2d Cir. 2000); New Leadership Comm. v. Davidson, 23 F. Supp. 2d 301, 310 (E.D.N.Y. 1998) (approving hourly billing rate of $275).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that the amount of time an attorney expended was not "excessive, redundant or otherwise unnecessary." Bourgal v. Atlas Transit Mix, No. CV-93-0569, 1996 WL 75290, at *7 (E.D.N.Y. Feb. 7, 1996) (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiffs' counsel, Virginia & Ambinder, LLP, seek compensation for a total of 13.20 hours of attorney and paralegal time. (See Wong Aff., Ex. C.) Counsel's work included drafting and editing the complaint, preparing an affidavit of service, and preparing the default judgment submissions. (Id.) I find the time expended reasonable and respectfully recommend that plaintiffs be awarded $2,383.50 in attorney's fees. Plaintiffs also seek costs in the amount of $350. (Wong Aff. ¶ 18.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). See aslo King v. JCS Enter., Inc., 325 F.Supp.2d 162, 171 (E.D.N.Y. 2004) (A prevailing party may be reimbursed for costs which would normally be charged to a fee paying client).This excludes amounts that constitute an attorney's ordinary overhead, since those are not typically charged to a client. Id. Here, the expenditures are for the filing fee. I find the requested amount reasonable and respectfully recommend that the request be granted.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs be awarded $2,282.50 in attorney's fees and $350 in costs. I further recommend that defendants be directed to permit plaintiffs to conduct an audit of defendants' books and records for the period of October 1, 2006 through the present. Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Matsumoto and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e). Plaintiffs' counsel are directed to serve a copy of this Report and Recommendation on defendants.

Dated: Brooklyn, New York
June 30, 2011

Respectfully submitted,

_____
ROBERT M. LEVY
United States Magistrate Judge