```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, THE LOCAL 7 TILE
INDUSTRY ANNUITY FUND, THE TILE LAYERS
LOCAL UNION 52 PENSION FUND, THE
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, and THE
INTERNATIONAL MASONRY INSTITUTE,

                Plaintiffs,

  -against-

EXCEPTIONAL FLOORING, INC.,
EXCEPTIONAL FLOORING CONTRACTOR, INC.,
and J&M FLOORING SOLUTIONS, INC.,

                Defendants.

**NOT FOR PUBLICATION**

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

10-CV-1883 (KAM)(RML)

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

      Trustees of the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, the Tile Layers Local Union 52 Pension Fund, the Bricklayers & Trowel Trades International Pension Fund, and the International Masonry Institute ("plaintiffs") brought this action against the defaulting defendants, Exceptional Flooring, Inc., Exceptional Flooring Contractor, Inc., and J&M Flooring Solutions, Inc. (collectively, "defendants") pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), alleging violations of a collective bargaining agreement ("CBA") between defendants and

Local Union 7.  (See Doc. No. 1, Complaint.)  Plaintiffs, *inter alia*, seek (a) a court order requiring defendants to make their books and records available for plaintiffs' inspection and audit; and (b) recover reasonable costs, expenses, and attorneys' fees. (See id. ¶ 27.)

On April 12, 2011, the court referred plaintiffs' motion for a default judgment to Magistrate Judge Robert Levy for a report and recommendation ("Report & Recommendation" or "R&R"). (See Order dated 4/12/11.)  On June 30, 2011, Judge Levy issued a thoroughly researched Report and Recommendation recommending that the court (a) direct defendants to permit plaintiffs to inspect their books and records for the period of October 1, 2006 through the present, and (b) award plaintiffs attorneys' fees and costs against defendants.  (See Doc. No. 12, R&R dated 6/30/11.) The Report and Recommendation also directed counsel for the plaintiffs to serve a copy of the Report and Recommendation on defendants. (R&R at 8.)

On that same date, notice and a copy of Judge Levy's Report and Recommendation were sent via Federal Express to defendants by Judge Levy's chambers.  (See Docket Text accompanying 6/30/11 R&R.)  The Report and Recommendation notified the parties of the right to file written objections within fourteen (14) days of receipt of the Report and Recommendation.  (See R&R at 8.)  Taking into account the three

additional days required for service by mailing, the fourteen-day period for objections expired on July 28, 2011.  See Fed. R. Civ. P. 5(b)(2)(C) and 6(d); see also Fed. R. Civ. P. 72(b)(2).  Accordingly, the period for filing objections for all parties has now expired, and no objections to the Report and Recommendation have been filed to date.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C).  However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Levy's well-reasoned Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court.  Accordingly,

**IT IS HEREBY ORDERED:** Within thirty days of entry of this Order, defendants are hereby directed to permit plaintiffs to audit their books and records for the period of October 1, 2006 through the present in order to ascertain the amount, if

any, of unpaid contributions that are due and owing to the plaintiffs;

**IT IS FURTHER ORDERED:** Once the audit is complete, the plaintiffs must file for the court's review a copy of the auditor's report and furnish an affidavit describing in detail the amount the plaintiffs request in delinquent contributions, interest, liquidated damages, and auditor fees;

**IT IS FURTHER ORDERED that:** In addition, as of the date of this Order, plaintiffs are entitled to attorneys' fees in the amount of $2,282.50; and costs in the amount of $350, which amount shall be paid within thirty days of entry of this Order; and

**IT IS FURTHER ORDERED:** Counsel for plaintiffs shall serve a copy of this order upon defendants and file a declaration of service by August 15, 2011.

**SO ORDERED.**

Dated: August 12, 2011
       Brooklyn, New York

_____ /s/ _____
**Kiyo A. Matsumoto**
United States District Judge